**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: TWO GUNS CONSULTING | § | CASE NO. 20-20077 |
| & CONSTRUCTION, LLC, | § | |
| Debtor. | § | CHAPTER 11 |

**AFFIDAVIT OF NATHANIEL PETER HOLZER**

| | | |
|---|---|---|
| STATE OF TEXAS | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF NUECES | § | |

I, Nathaniel Peter Holzer, am over eighteen (18) years of age, competent to make this Affidavit, and have personal knowledge of the facts attested to herein, and they are true and correct.

1. I am an officer and shareholder of Jordan, Holzer & Ortiz, P.C. ("JHO"), and am authorized to make this affidavit on its behalf.

2. Debtor and JHO first met on or about October 1, 2019, concerning Debtor's and its owner's financial situation, however JHO was not retained at that time. JHO met with the Debtor's representative again on January 30, 2020, and was retained on that day.

3. Debtor paid JHO a fee advance of $45,000.00 on January 30, 2020, by check, which was deposited that same day into JHO's IOLTA account.

4. JHO issued a single pre petition invoice to the Debtor dated February 11, 2020, which was paid that same day, in full, from the advanced funds, prior to the filing of this bankruptcy case in the ordinary course of business, a total of $13,551.30.

5. The invoice reflects some minor services performed for the benefit of the Debtor's owner Mr. Duncan—drafting an answer for him to file pro se in a pending state court lawsuit, and legal research regarding his eligibility to file bankruptcy under the new Chapter V small business debtor provisions of the Bankruptcy Code. Because Mr. Duncan is the sole owner and control person of the Debtor, these very minor services also related to the Debtor's financial situation, and so I do not believe they create any potential for conflict.

6. The filing fee for the chapter 11 case was paid by JHO but inadvertently omitted from the Firm's pre petition invoice, and so JHO was not reimbursed for the filing fee from the

fee advance prior to filing this case as is JHO's usual practice.  JHO will include the filing fee on a subsequent invoice, with payment subject to court approval.

7. Except for not being reimbursed for the filing fee paid by JHO, JHO is not a pre petition creditor of the Debtor.

8. To the best of my knowledge, and except as disclosed herein with respect to the filing fee, neither I, JHO, nor any shareholder of JHO, hold or represent any interest adverse to the Debtor, or to the Estate of the Debtor, which is adverse to the interests of the Debtor.  I believe JHO and I are disinterested parties within the meaning of the Bankruptcy Code.

9. To the best of my knowledge, and except as disclosed herein with respect to JHO's minimal work for and consultation with the Debtor's owner regarding his personal financial situation, neither I, JHO, or any shareholder of JHO have any connections of any kind or nature with the creditors or any party in interest to this case, or their respective attorneys, the United States Trustee, or any person employed in the office of the United States Trustee.

Dated: February 21, 2020.

/s/ Nathaniel Peter Holzer
Nathaniel Peter Holzer

SUBSCRIBED AND SWORN this 21st day of February, 2020, to witness my hand and seal of office.

**SEAL**

/s/ Shaun D. Jones
Shaun D. Jones
Notary Public State of Texas
Commission Expires: 04/05/2020

Holzer Affidavit                                     2



**Jordan, Holzer & Ortiz, P.C.**

ATTORNEYS AT LAW
500 NORTH SHORELINE BOULEVARD, SUITE 900
CORPUS CHRISTI, TEXAS 78401

**ENGAGEMENT LETTER
AND FEE AGREEMENT**

January 30, 2020

**Personal and Confidential**

<u>Via e mail to: lduncan@twogunscc.com</u>
TWO GUNS CONSULTING & CONSTRUCTION, LLC
Attn: Luke Duncan, Managing Member

Re:   Financial Restructuring

Dear Mr. Duncan:

Please read this letter carefully. It describes the terms and conditions under which this law firm (the "Firm") agrees to undertake to represent Two Guns Consulting & Construction, LLC ("Your Company") in connection with the above-referenced matter.

Your Company has requested that this Firm represent its interest in the filing and prosecution of a Chapter 11 bankruptcy proceeding in the Corpus Christi Division of the Southern District of Texas.

The Firm requires that this Engagement Letter be discussed and signed before the Firm can engage in any representation notwithstanding any prior meetings or conferences. The terms and conditions of the Firm's engagement are as follows:

1. The Firm's fees for legal services are based primarily on the hourly rates set forth below for the Firm's lawyers and legal assistant at the time the services are rendered. The Firm reviews these hourly rates occasionally and may adjust them if appropriate with prior notice to you. Mr. Holzer will have primary responsibility for these matters with other of the Firm's lawyers and paralegals assisting as needed or requested. Once a Chapter 11 proceeding is filed, all terms of this Engagement Letter are subject to the review and modification by the bankruptcy Judge.

2. It is the Firm's policy to bill clients monthly for fees and out-of-pocket expenses.

Engagement Letter & Fee Agreement
Page 3

7. This firm retains the discretion to request a supplemental retainer, over and above the retainer required prior to the Firm's commencement of the engagement, in the event of an increase in the Firm's anticipated fees and expenses during the course of the representation. This Firm also retains the right to seek, in the event of a Chapter 11 case, not only allowance of compensation in accordance with this Engagement Letter, but also, pursuant to Section 330 of the bankruptcy code, additional compensation based upon results obtained, all subject to the approval of the bankruptcy court.

8. <u>By your execution of this Engagement Letter, you agree that the Firm is relieved from the responsibility of performing any further work should you fail to promptly pay any statement for fees and expenses (including bills for expenses received from third parties), or for supplemental retainer deposits, within ten (10) days of receipt of such statements</u>. In such event, you agree that the Firm may move to withdraw as your counsel in any case where the Firm has made an appearance on your behalf, and that you will promptly execute any withdrawal motions and orders required to accomplish this.

9. By your signature on this engagement agreement, you also understand that under Texas law the Firm has a right to assert a lien against your files to secure payment of any unpaid amounts you owe me.

10. During the course of discussion with you about handling this matter, the Firm may have provided you with certain estimates of the magnitude of the fees and expenses that will be required at certain stages of this representation. It is the Firm's policy to advise all of the Firm's clients that such estimates are just that, and that the fees and expenses required are ultimately a function of many conditions over which the Firm little or no control, particularly the manner in which the opposition behaves. The reason why the Firm submits the client's bills on a monthly basis shortly after the services are rendered is so you will have a ready means of monitoring and controlling the expenses you are incurring. If you believe the expenses are mounting too rapidly, please contact me immediately so the Firm can assist you in evaluating how they might be curtailed in the future. When the Firm does not hear from you, the Firm will assume that you approve of the overall level of activity on the Firms part in this case on your behalf.

11. **Arbitration of Fee and Malpractice Disputes.** Other than situations where a bankruptcy court has exclusive jurisdiction to determine such disputes, any dispute arising out of this agreement or the Firm's representation of you will be resolved exclusively by submission to arbitration under the rules of the American Arbitration Association [AAA]. This includes but is not limited to any claim for malpractice, negligence, breach of fiduciary duty, deceptive trade practices, breach of contract, or the like that you may later wish to assert against us. There are advantages to arbitration, but also disadvantages. Arbitrating the Firms

Engagement Letter & Fee Agreement
Page 4

disputes may be more efficient, and it will be done in private. However, any claim for malpractice will not be decided in a court or in a trial by jury, and there is no right to an appeal. Also, unlike courts that are an arm of government, private arbitrators have no ability to require third parties to participate in an arbitration or to provide documents or witnesses. There may be other disadvantages to arbitration. Consequently, you should carefully consider whether arbitration is acceptable to you and should consult with independent counsel if you believe it appropriate to do so. By signing this letter, you agree that the arbitrator's decision shall be binding, conclusive, and nonappealable. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the AAA rules and resolved by the arbitrators.

12. This Engagement Letter and fee contract, to the extent services and costs are incurred during any proceedings under Title 11 U.S.C. § 101, *et. seq.* each and every aspect shall be subject to disclosure to the required parties pursuant to the Bankruptcy Code, the Bankruptcy Rules of Procedure, and the Firms responsibility to make disclosures concerning the clients' conduct promulgated by the rules and codes of professional conduct regarding Debtors in Bankruptcy cases. This disclosure shall include disclosure of any person or entity guarantying any portion of these fees or executing this contract.

13. It is the Firm's policy to destroy most files the Firm creates in connection with the representation after five years following the conclusion of the engagement. Any original documents that you provide us will generally be returned to you or sent to other appropriate parties, at your expense.

14. At the conclusion of the Firm's representation or after a bankruptcy plan is approved, the Firm will typically file an application with the bankruptcy Court for final approval of the Firm's fees, which, if and when approved, will preclude your assertion of any claims you may believe you have against the firm arising from the representation.

Please sign a copy of this letter in the space provided below, indicating Your Company's agreement to be bound by the terms and conditions set forth above. Upon your signature of this Engagement Letter, and payment of the required retainer, the Firm will commence the Firms representation in the above-described matters.

Sincerely,

/s/ Nathaniel Peter Holzer

Nathaniel Peter Holzer, for the Firm

Engagement Letter & Fee Agreement
Page 5

Dated as of January 30, 2020.

**ACCEPTED:**

_____
Two Guns Consulting & Construction
By: Luke Duncan, Managing Member

| ATTORNEYS | HOURLY RATE |
|---|---|
| Shelby A. Jordan | $550.00 |
| Nathaniel Peter Holzer | $375.00 |
| Antonio Ortiz | $300.00 |
| | |
| LEGAL ASSISTANTS | |
| Shaun D. Jones | $180.00 |
| Chrystal R. Madden | $180.00 |
| Melba Ramirez | $150.00 |