IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: TWO GUNS CONSULTING & CONSTRUCTION, LLC, Debtor. | § § § § | CASE NO. 20-20077<br><br>CHAPTER 11 |

EXHIBIT A

**AFFIDAVIT OF MICHAEL R. FORTNEY IN SUPPORT OF
APPLICATION OF DEBTOR TO EMPLOY STARK & KNOLL AS
SPECIAL COUNSEL**

STATE OF OHIO            §     KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF SUMMIT    §

I, Michael R. Fortney, am over eighteen (18) years of age, competent to make this Affidavit, and have personal knowledge of the facts attested to herein, and they are true and correct.

1. I am an associate of Stark & Knoll (the "Firm") and admitted to practice within the State of Ohio and am authorized to make this affidavit on its behalf.

2. The Debtor has asked that the Firm be approved as special litigation counsel to continue its representation of the Debtor in connection with its breach of contract claims against MarkWest Liberty Midstream & Resources, LLC and Jefferson Gas Gathering Company, LLC in a suit styled *In re: Two Guns Consulting & Construction, LLC v. MarkWest Liberty Midstream & Resources, LLC and Jefferson Gas Gathering Company, LLC*; Case Number 19CV00472; in the Court of Common Pleas, Jefferson County, Ohio.

3. The Firm has not requested a post-petitioner retainer at this time.

4. The Firm agrees to represent the Debtor on a contingency fee basis as set forth on the engagement letter attached to this affidavit.

5. I understand that all payments to me or my company for services, must first be approved by the bankruptcy court.

6. I and the Firm do not represent any interest adverse to the Debtor, or to the estate of the Debtor, known to me with respect to the matters for which we have agreed to be employed.

7. I and the Firm have no connections of any kind or nature with the creditors or other parties to this case, or their respective attorneys and accountants, the United States

Trustee, or any person employed in the office of the United States Trustee for the Southern District of Texas.

8. I and the Firm recognize that it is a continuing obligation to disclose any future connections or to disclose any omitted connections immediately at the time of discovery.

Dated: February 11, 2020.

_____
Michael R. Fortney

SUBSCRIBED AND SWORN this 11th day of February, 2020, to witness my hand and seal of office.

**SEAL**

_____
Notary Public

Jennifer Gallagher
Resident Summit County
Notary Public, State of Ohio
My Commission Expires: November 1, 2021

Fortney Affidavit                                              2



**MICHAEL R. FORTNEY, ESQ.**
Email: mfortney@stark-knoll.com
330.376.3300 – Phone
330.572.1313 – Direct Dial
330.572.1263 – Fax

May 15, 2019

Via Email:  lduncan@twogunscc.com

Two Guns Consulting & Construction, LLC
c/o Luke Duncan, President
4136 IH-37
Odem, TX 78370

      *Re:*    *Dispute with MarkWest*

Dear Luke:

    It was a pleasure meeting you and Trey today, and I am pleased to have the opportunity to be of service you. The purpose of this letter is to clarify and confirm the terms and conditions upon which we will be providing legal services. If you accept the terms and conditions laid out in this letter, please sign a copy and return it to me promptly.

**Scope of Services**

    You have asked us to represent Two Guns Consulting & Construction, LLC ("Two Guns") in connection with its breach of contract claims against MarkWest Liberty Midstream & Resources, L.L.C. and Jefferson Gas Gathering Company, L.L.C. as well as Two Guns' mechanic's lien claim against MarkWest Energy Partners, LP, related to Two Guns' work performed pursuant to the Morelli, Jefferson Bundle, and Beech Bottom to Hopedale pipeline construction contracts. MarkWest Liberty Midstream & Resources, L.L.C.; Jefferson Gas Gathering Company, L.L.C.; and MarkWest Energy Partners, LP shall collectively be referred to hereafter as "MarkWest".

    We will represent Two Guns in connection with this matter and will provide legal services to advance its claims, including preparing and filing an affidavit of mechanic's lien. We will be in charge of all phases of the claims, including negotiations for settlement and prosecution of any litigation, arbitration, or other proceedings. We will oppose any motions for a new trial or any other post-trial motions filed by an opposing party, or will make any post-trial motions on Two Guns' behalf. We are authorized to negotiate compromises and settlements of Two Guns' claims, but Two Guns retains

May 15, 2019
Page 2

final control, and no authority is hereby given us to settle. Any settlement offer will be conveyed to Two Guns with our recommendation for acceptance or rejection.

This arrangement does not include or obligate us to pursue any appeal from a judgment, whether adverse or not adverse to Two Guns, or any extraordinary writs or proceedings to execute on a judgment. In such event, we will meet with you to review the matter and determine whether we will be willing to proceed and, if necessary, negotiate a new arrangement for fees and charges.

**Staffing**

I will be the attorney primarily responsible for this representation, with the assistance of my father, Mike Fortney, Sr., a partner in our litigation practice group, and other litigation attorneys as appropriate from time to time. When questions or comments arise about our services, staffing, billings, or other aspects of our representation, please contact me. My direct telephone number is 330-572-1313. It is important that you are satisfied with our services and responsiveness at all times.

We intend to provide quality legal services in an efficient, economical manner. This necessitates involving other firm attorneys with the requisite expertise, and paralegals, who are not attorneys but are experienced in the preparation of documents and the completion of various tasks.

**Responsibilities**

We will provide legal counsel and assistance to Two Guns in accordance with this letter, keep you reasonably informed of progress and developments, and respond to your inquiries.

To enable us effectively to render these services, you and Two Guns agree to cooperate fully with us in all matters related to the preparation and presentation of your claims, to fully and accurately disclose to us all facts that may be relevant to the matter or that we may otherwise request, and to keep us apprised of developments relating to the matter. You and Two Guns also will make yourself reasonably available to attend meetings, discovery proceedings and conferences, hearings, and other proceedings.

Either at the beginning or during the course of our representation, we may express our opinions or beliefs concerning the matter or various courses of action and the results that might be anticipated. Any such statement made by any member or employee of our firm is intended to be an expression of opinion only, based on information available to us at the time, and must not be construed by you as a promise or guarantee of any particular result. No guarantees are possible in matters such as this.

**Fees, Disbursements, and Other Charges**

The representation will be handled on a contingency fee basis with our fee being dependent upon recovery through settlement or trial, except in the event of discharge or withdrawal from representation as provided below. If no recovery is obtained, Two Guns will be obligated only for our disbursements and charges as described below.

May 15, 2019
Page 3

The fees to be paid to us will be a percentage of the "recovery" (as defined below), depending on the stage at which the settlement, judgment, or award is reached. If Two Guns' claims are disposed of by way of settlement or recovery prior to the filing of a claim against MarkWest our fee will be equal to twenty-two and one-half percent (22.5%) of any recovery. If Two Guns' claims are disposed of by way of settlement or recovery sometime after the filing of a claim but prior to sixty (60) days before the date on which this matter is first set for trial or arbitration, our fee will be equal to thirty-three percent (33%) of any recovery. If a settlement or recovery occurs thereafter, our fee will be forty percent (40%) of any recovery. Two Guns acknowledges that the foregoing contingency fee is not set by law, but is negotiable, and has been negotiated, between us.

You agree to promptly pay or reimburse us for all reasonable and necessary disbursements and other charges for investigating, preparing, and presenting your claims and will remain responsible for payment or reimbursement of these disbursements and charges whatever may be the ultimate outcome of the matter. Disbursements and charges include photocopying, messenger and delivery service, air freight, computerized research, videotape recording, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), long distance telephone, telecopying, court costs, filing fees, and other miscellaneous expenses associated with the pursuit of your claims. To the extent we directly provide any of these services, we reserve the right to adjust the amount we charge, at any time or from time to time, as we deem appropriate, in light of our direct costs, our estimated overhead allocable to the services, and outside competitive rates. You will also be responsible for payment of fees and expenses of others (such as investigators, experts, consultants, and court reporters), which will be billed directly to you. You authorize us to retain investigators, experts, consultants, and court reporters as reasonably necessary in our judgment.

In the event that an award of costs is sought on Two Guns' behalf, you understand that the amount which a court or arbitrator may order or award as costs is the amount the court or arbitrator believes the party is entitled to recover, and does not necessarily determine what costs we are entitled to charge or that only the costs which were allowed were reasonable. You agree that, whether or not attorneys' fees or costs are awarded in this action, you remain responsible for the payment, in full, of all attorney's fees and charges in connection with this matter.

Any controversy, dispute, or claim arising out of or relating to the fees, charges, performance of legal services, obligations reflected in this letter, or other aspects of our representation shall be resolved through binding arbitration before the Fee Dispute Arbitration Panel, or any designated successor entity, of the Akron, Ohio Bar Association in accordance with the rules then in effect of that body and judgment on the award rendered may be entered in any court having jurisdiction thereof. YOU ACKNOWLEDGE THAT BY AGREEING TO ARBITRATION, YOU ARE RELINQUISHING YOUR RIGHT TO BRING AN ACTION IN COURT AND TO A JURY TRIAL.

**Discharge or Withdrawal**

You have the right to discharge us for any reason at any time upon giving us reasonable notice.

May 15, 2019
Page 4

       In the following circumstances, we have the right to withdraw from representing you upon giving you reasonable notice to enable you to secure other counsel:

(a)     If available evidence discloses that your claims lack factual or legal merit;

(b)     If meaningful recoveries appear unobtainable;

(c)     If you fail to cooperate in the preparation and presentation of your claims or otherwise breach this agreement;

(d)     If you reject a settlement or compromise recommended by us; or

(e)     If, for professional or ethical reasons, we do not believe we can proceed with our representation of you.

       If we elect to withdraw, you will take all steps necessary to free us of any obligation to perform further, including the execution of any documents (including forms for substitution of counsel) necessary to complete our withdrawal.

       In the event of our discharge or withdrawal, we will be entitled to retain any fees based on recoveries before the date of our withdrawal or discharge and to additional compensation consisting of the reasonable value of our services actually rendered with such payment being made out of future recoveries. We will also be entitled to payment or reimbursement of any disbursements or charges paid or incurred on your behalf up to the date of withdrawal or discharge.

       If this letter correctly reflects your understanding of the terms and conditions of our representation, please confirm your acceptance by signing the enclosed copy in the space provided below and return it to me. This letter will not become effective and we will have no obligation to provide legal services until you sign and return the copy of this letter.

       We are pleased to have this opportunity to be of service and to work with you.

       Very truly yours,

       Michael R. Fortney, Esq.

May 15, 2019
Page 5

I have read and understand the terms and conditions set forth in this letter (including the attached General Provisions) and agree to them.

**Two Guns Consulting, LLC**

**Luke Duncan, President**

Dated: 5/20/19

**Luke Duncan, individually**

Dated: 5/20/19

May 15, 2019
Page 6

## GENERAL PROVISIONS

(1) The time for which a client is charged includes, but is in no way limited to, telephone and office conferences with a client and counsel, witnesses, consultants, court personnel, and others; conferences among our personnel; factual investigation; legal research; responding to clients' requests to provide information to auditors in connection with reviews or audits of financial statements; drafting of letters, pleadings, briefs, and other documents; travel time; waiting time in court or elsewhere; and time in depositions and other discovery proceedings.

(2) In addition to our fees, clients may be charged for payment or reimbursement for disbursements and other charges incurred in performing services such as photocopying, messenger and delivery, air freight, computerized research, videotape recording, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), long distance telephone, telecopying, court costs, and filing fees. To the extent we directly provide any of these services, we reserve the right to adjust the amount we charge, at any time or from time to time, as we deem appropriate, in light of our direct costs, our estimated overhead allocable to the services, and outside competitive rates. Unless special arrangements are made, fees and expenses of others (such as experts, investigators, witnesses, consultants, and court reporters) and other large disbursements will not be paid by our firm and will be the responsibility of, and billed directly to, the client. We reserve the right, in appropriate cases, to request a deposit as a condition to arranging for the services of such outside vendors and service providers.

(3) Although we may from time to time for a client's convenience furnish estimates of fees or charges that we anticipate will be incurred on a client's behalf, these estimates are subject to unforeseen circumstances and are by their nature inexact. We will not be bound by any estimates except as otherwise expressly set forth in the engagement letter or otherwise agreed to by us in writing.

(4) As a general rule invoices will be issued on a monthly basis, however, there may be months in which invoices are not issued. Fees, disbursements, and other charges are payable upon presentation of invoice. If not paid within sixty (60) days after the date of the invoice then invoice balances will accrue interest at the rate of one and a half percent (1.5%) per month commencing on the 61st day after the date of the invoice. We strive for accuracy in our invoicing and apologize in advance for any inadvertent error that may appear. Upon receipt of each invoice it is your responsibility to review each time entry for legal services rendered and each cost entry for expenses incurred on your behalf. If you have any questions regarding an invoice or if you dispute a fee or other charge reflected on an invoice, then you must notify us in writing of such questions and/or disputes within thirty (30) days from the date of the invoice. If you do not provide written notification within such thirty (30) day period then the fees and other charges reflected on the invoice shall be deemed to be fair, reasonable and accurate and all objections and set-offs to the same shall be deemed to be waived and abandoned. We expect prompt payment and we reserve the right to postpone or defer providing additional services or to discontinue our representation if billed amounts are not paid when due.

(5) A client has the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to

May 15, 2019
Page 7

pay for all services rendered and disbursements and other charges made or incurred on behalf of the client prior to the date of termination.

(6) We reserve the right to withdraw from our representation with the client's consent or for good cause. Good cause may include the client's failure to honor the terms of the engagement letter, the client's failure to pay amounts billed in a timely manner, the client's failure to cooperate or follow our advice on a material matter, or any fact or circumstance that would, in our view, impair an effective attorney-client relationship or render our continuing representation unlawful or unethical. If we elect to do so, the client will take all steps necessary to free us of any obligation to perform further, including the execution of any documents (including forms for substitution of counsel) necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered and disbursements and other charges made or incurred on behalf of the client prior to the date of withdrawal.

(7) It is possible that during the time that we are representing you, some of our present or future clients will have disputes or transactions with you, or may be in the same industry as you. You agree that we may continue to represent or may undertake in the future to represent existing or new clients in any manner that is not substantially related to our work for you so long as the interests of such clients in those other matters are not directly adverse. We agree, however, that your prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a non-public nature, that, if known to such other client, could be used in such other matter by such client to your material disadvantage. We have asked for similar agreements to preserve our ability to represent you in engagement letters with other clients.

(8) You are entitled upon written request to any files in our possession relating to the legal services performed by us for you, excluding our internal accounting records and other documents not reasonably necessary to your representation, subject to our right to make copies of any files withdrawn by you. Once your matter is concluded, we will close your file. Your physical files may be sent to storage offsite, and thereafter there may be an administrative cost for retrieving them from storage. Under our document retention policy, we normally destroy files seven (7) years after a matter is closed, unless other arrangements are made with the client. The firm and the client agree that all "client supplied materials" and all "attorney end product" (referred to collectively as "client material") are the property of the client. "Attorney end product" includes, for example, finalized contracts, pleadings, and trust documents. The firm and the client also agree that "attorney work product" is the property of the firm. "Attorney work product" includes, for example, drafts, notes, internal memoranda and electronic files, and attorney representation and administration materials, including attorney-client correspondence and conflicts materials. By signing this engagement letter the client hereby agrees to inform Stark & Knoll of any change in its contact information, including, without limitation, its address, telephone number, facsimile number and electronic mail address.

Record and Document Storage [applicable to a "paperless" office]. We store records, documents and information, when possible, in an electronic format. We electronically store documents that we create in their original format, like Word or Excel, or as a portable document file (pdf). We electronically store records and documents that you provide, when possible, in pdf format,

May 15, 2019
Page 8

and return the originals to you if requested to do so. If we need to retain original documents that you provide to us, we will return them at the end of the representation if requested to do so. We electronically store documents that we obtain from third parties in the format in which we receive them, or as a pdf if received in hard (paper) format. We do not keep hard or paper copies beyond their usefulness in this representation, and therefore shred hard or paper copies of records and documents during and at the conclusion of our representation, unless you ask us to return the documents to you.

May 15, 2019
Page 5

I have read and understand the terms and conditions set forth in this letter (including the attached General Provisions) and agree to them.

Two Guns Consulting, LLC

_____
Luke Duncan, President

Dated: __5/20/19__

_____
Luke Duncan, individually

Dated: __5/20/19__